UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 6 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar, )
)
    Plaintiff, )
)
v. ) Civil Action No.
) 09 0698
Kathy Souverain *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This matter comes before the Court for consideration of an application to proceed *in forma pauperis* and a *pro se* complaint brought under 42 U.S.C. § 1983 and *Bivens*.[1] The application will be granted and the complaint dismissed because it does not present a ripe case or controversy.

Plaintiff is a prisoner currently housed at Federal Correctional Institution – Schuylkill in Minersville, Pennsylvania, serving a sentence imposed by the Superior Court for the District of Columbia. According to the Bureau of Prisons ("BOP") on-line database, plaintiff has a projected release date of November 8, 2009. The complaint alleges that a detainer has been lodged against the plaintiff, requiring "another service of 90 days on CF3-9217-06," one of plaintiff's criminal cases in Superior Court. Compl. at 2. The complaint alleges that the 90 days has already been served from "1-11-07 through 4-9-07," and that the detainer should be withdrawn. *Id.* Having not prevailed in his efforts to establish that the detainer is invalid, he filed this action seeking $1.9 million in damages for alleged "invasion of civil rights statute,

---

[1] *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

cruel and unusual punishment due to double jeopardy clause and falsifying document and local government records." *Id.* at 2, 12. (In addition to this civil complaint for damages, the prisoner filed a petition for a writ of *habeas corpus* based on factual allegations virtually identical to those in this complaint. The habeas action has been transferred to the court with personal jurisdiction over the prisoner's custodian, the United States District Court for the Middle District of Pennsylvania. *See* Order Transferring Case, *Ceasar v. Dep't of Corrections et al.*, Civil Action 09-603 (ESH) (D.D.C. Apr. 3, 2009).)

Article III of the Constitution extends the judicial power of the federal courts only to "Cases" and "Controversies." U.S. CONST. art. III, § 2. The doctrine of ripeness is one of a cluster of "justiciablility doctrines" that give meaning to the case or controversy requirement. *National Treasury Employees Union v. United States,* 101 F.3d 1423, 1427 (D.C. Cir. 1996). As a constitutional minimum, the ripeness doctrine requires that a case or controversy involve a concrete and demonstrable injury-in-fact. *Id.* An injury-in-fact must be, at the least, certainly impending. *Id.* Injuries that are remote or speculative will not suffice. *Id.* The prudential aspect of the doctrine further allows a court to balance "the fitness of the issues for judicial decision and the hardship to the parties of withholding consideration." *Id.* at 1428 (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 149 (1967)).

Here, the plaintiff seeks damages for an injury that has not yet occurred and may well not occur. As the plaintiff has not demonstrated any injury-in-fact that is certain and impending, the matter presented is not ripe and will be dismissed without prejudice for lack of jurisdiction.

A separate order accompanies this memorandum opinion.

Date: April 6, 2009

United States District Judge